IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEVIN SMITH,                    )
                                        )
             Plaintiff,          )
                                          )
             v.                      )        Civil Action No. 21-706
                                          )
LOUIS DEJOY, Postmaster General,    )
United States, GARY GRAF,           )
ADAM BECK, JASMIN HUGHES,      )
MIKE BROWN, and                  )
MARK ARTHRELL,                 )
                                          )
             Defendants.       )

## MEMORANDUM OPINION

Plaintiff Kevin Smith ("Plaintiff"), who is proceeding *pro se*, brings this action against Louis DeJoy, Postmaster General of the United States, and five employees of the United States Postal Service ("USPS"), Gary Graf, Adam Beck, Jasmin Hughes, Mike Brown, and Mark Arthrell (the "individual Defendants"), alleging claims of discrimination based on race, age, and disability, as well as a retaliation claim. (Docket No. 4). Presently before the Court is Defendants' Motion to Dismiss. (Docket No. 15). In their motion and brief in support, Defendants urge the Court to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Nos. 15, 16). Plaintiff filed a motion to continue (Docket No. 18), which was docketed as a response to Defendants' Motion to Dismiss and was construed as a request for an extension of time to further respond to Defendants' motion (Docket No. 19), followed by a brief in opposition to Defendants' motion (Docket No. 20), and Defendants filed a reply (Docket No.

21).   After careful consideration of the parties' arguments and for the following reasons, Defendants' Motion to Dismiss is granted.

## I.   **Background**

Plaintiff's Complaint consists of a pre-printed form that is filled in sparsely with handwritten allegations.  (Docket No. 4).  After identifying the individual Defendants and their work addresses, Plaintiff sets forth the basis for federal question jurisdiction over this matter, listing the relevant federal statutes as "Race – Age – Disabilities ABA."  (*Id.* at 3).  After listing the amount in controversy as $75,000.00, Plaintiff makes his "Statement of Claim" as follows:

> Mark Arthrell – curse at me by "saying" motherfucker I'm going to get you fired, the same day i got injured – 05-22-2019, Jasmin, Adam, Tim heard every word Mark Arthrell said.  I got hurt on the Job Greentree.
> intimidating, Threatening me After discrimination, Retaliation, Disability Act

> Gary Graf–send me home after i write up Vehicle (#0250739) (19628 miles) @9:30AM for steering the same day Around 10:30AM
> Gary Graf write a Letter of "Notice of Separation" for Unsatisfactory Performance.
> "Threating me – Retaliation – intimidating – discrimination"

(*Id.* at 4).  In the "Relief" section of the Complaint, Plaintiff states the following:

> Emotional distress, depression, sleeplessness night, (Loss time Benefits), Past present and future $200,000.00.  I would like to come back to work as a Driver oppose to being a mail carrier cop pay, back pay, "Disability act"

(*Id.*).

On May 27, 2021, Plaintiff filed a motion for leave to proceed *in forma pauperis* with his Complaint attached thereto.  (Docket Nos. 1, 1-1).  The Court granted Plaintiff's motion and docketed his Complaint.  (Docket Nos. 3, 4).  Defendants filed their Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6), and the parties filed briefs supporting and opposing the motion.  (Docket Nos. 15, 16, 18, 20, 21).  The matter is now ripe for decision.

## II. **Standard of Review**

In considering a Rule 12(b)(6) motion to dismiss, the factual allegations contained in the complaint must be accepted as true and must be construed in the light most favorable to the plaintiff, and the court must "'determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007). While Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Phillips*, 515 F.3d at 231 (quoting *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted)). Moreover, while "this standard does not require 'detailed factual allegations,'" Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

It should be further noted, therefore, that in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Supreme Court has noted that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). Moreover, the requirement that a

court accept as true all factual allegations does not extend to legal conclusions; thus, a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted)).

In the context of the claims presented here, Plaintiff's alleged failure to exhaust his administrative remedies is properly considered under Rule 12(b)(6).  *See Wilson v. MVM, Inc.*, 475 F.3d 166, 174-76 (3d Cir. 2007); *Robinson v. Dalton*, 107 F.3d 1018, 1021-22 (3d Cir. 1997).  Furthermore, the Court may consider a plaintiff's EEOC Complaint without converting a motion to dismiss into a motion for summary judgment.  *See Wormack v. Shinseki*, Civ. Action No. 2:09-cv-916, 2010 WL 2650430, at *1 n.1 (W.D. Pa. July 1, 2010) ("[I]n the Third Circuit, it is well settled that a court may consider administrative documents, such as a plaintiff's EEOC charges, and public records without converting the motion to dismiss to a motion for summary judgment.").

Additionally, although courts must generally construe *pro se* pleadings liberally, courts are not required to accept legal conclusions disguised as statements of fact, unsupported conclusions, or unwarranted references.  *See Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Thus, "a pro se complaint must still contain factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Wallace v. Fegan*, 455 F. App'x 137, 139 (3d Cir. 2011) (internal quotation marks and citation omitted).

### III.   Discussion

#### A.   Claims Against the Individual Defendants

Although Plaintiff does not indicate in the Complaint the specific statutes pursuant to which he seeks relief, because he lists "Race – Age – Disabilities ABA" in response to the

question regarding the federal statutes at issue in this case, the Court presumes that he is alleging claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* ("Rehabilitation Act").   However, since none of these statutes provide for individual liability, Plaintiff's claims against the individual Defendants will be dismissed with prejudice.   *See Barnett v. N.J. Transit Corp.*, 573 F. App'x 239, 242 n.3 (3d Cir. 2014) (indicating that the district court properly dismissed claims against the individual defendants early in the litigation because there is no individual liability under Title VII); *Shick v. Aiello's Café*, Case No. 16-311 Erie-BJR, 2017 WL 3048885, at *2 (W.D. Pa. July 18, 2017) (noting that courts in the Third Circuit have consistently held that individual defendants cannot be held liable under the ADEA); *A.W. v. Jersey City Pub. Schs.*, 486 F.3d 791, 804 (3d Cir. 2007) (explaining that suits under the Rehabilitation Act may not be brought against individuals).

### B.      Race Discrimination Under Title VII

As noted, *supra*, because Plaintiff indicates in his Complaint that "Race" is one of the statutes at issue in this case, the Court presumes that Plaintiff is pursuing a claim of racial discrimination under Title VII, which prohibits employers from discriminating against their employees on the basis of race.   *See* 42 U.S.C. § 2000e–2(a)(1).   A plaintiff may establish a triable claim of employment discrimination by presenting either direct evidence of discriminatory motive or circumstantial evidence.   *See Maxfield v. Sinclair Int'l*, 766 F.2d 788, 791 (3d Cir. 1985).

In the absence of direct evidence of race discrimination, which Plaintiff does not appear to allege here, a plaintiff may establish a case of race discrimination indirectly using the burden-shifting analysis set forth by the United States Supreme Court in *McDonnell Douglas Corp. v.*

*Green*, 411 U.S. 792, 802 (1973).  Establishing a *prima facie* case of race discrimination, the first step in such analysis, requires a showing that the plaintiff: (1) belongs to a protected class; (2) was qualified for the position at issue; (3) was subject to an adverse employment action despite being qualified; and (4) the action occurred under circumstances that raise an inference of discriminatory action, such as by showing that similarly situated employees who are not members of the same protected class were treated more favorably under similar circumstances. *See Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003) (citing *McDonnell Douglas*, 411 U.S. at 802, and *Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 348 n.1, 352, 356 (3d Cir. 1999)); *Mitchell v. City of Pittsburgh*, 995 F. Supp. 2d 420, 430 (W.D. Pa. 2014).

In order to defeat a motion to dismiss, it is sufficient to allege a *prima facie* case, but it is not necessary.  *See Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021).  Thus, a plaintiff's complaint "need only allege enough facts to 'raise a reasonable expectation that discovery will reveal evidence of [each] necessary element.'"  *Id.* (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009)).

Upon consideration of the allegations made by Plaintiff in his Complaint, the Court finds that such averments do not sufficiently allege a claim of race discrimination under Title VII. Plaintiff does not allege that he is in a protected class,[1] nor does he clearly allege the adverse employment action that is at issue here.   Plaintiff also does not allege the existence of circumstances that would raise an inference of discriminatory action.   Thus, Plaintiff neither

---

[1]     The Court notes that Plaintiff includes a number of allegations in the documents filed subsequent to Defendants' Motion to Dismiss, including that his race is "Black American," that he was "under doctor care at the time of termination," that "The union got [his] job back," that "they retaliation making [his] job harder and intimidating myself everyday on the Job and discrimination everyday on the Job," and that he "was terminated from his position because of his genetic information where same questions were circulated to the selectee's group after Complainant's interview."  (Docket Nos. 18 at 2-3; 20 at 2).  Plaintiff cannot, however, "amend his complaint by making new allegations in his response to the motion to dismiss," so the Court may not consider such allegations in determining whether Plaintiff has stated a claim in his Complaint.  *Wilson v. DeMarchis*, Civ. Action No. 2:20-cv-620, 2021 WL 3375421, at *10 (W.D. Pa. July 6, 2021).

alleges the elements of a *prima facie* case of race discrimination, nor does he allege enough facts to raise a reasonable expectation that discovery would reveal evidence of such elements. Therefore, when reviewing the facts alleged in Plaintiff's Complaint under Rule 8 and relevant precedent, while taking such facts as true and resolving all doubts in his favor, Plaintiff plainly fails to set forth a plausible claim of employment discrimination based on race under Title VII. *See, e.g., Gambrell v. S. Brunswick Bd. of Educ.*, Civ. Action No. 18-cv-16359, 2019 WL 5212964, at *3 (D.N.J. Oct. 16, 2019) ("Plaintiffs' [Amended] [C]omplaint lacks any facts to explain the who, what, where, when and why of plaintiff's dissatisfaction[,] and therefore wholly fails to comply with *Twombly/Iqbal* and Federal Rule of Civil Procedure 8(a)." (internal quotation marks and citation omitted)).

Accordingly, Plaintiff's claim of race discrimination under Title VII is dismissed without prejudice to amendment with sufficient facts to state a claim upon which relief can be granted.

### C.    Age Discrimination Under the ADEA

Based on the fact that Plaintiff listed "Age" in his Complaint in response to the question regarding the federal statutes at issue in this case (Docket No. 4 at 3), the Court presumes that Plaintiff is alleging a claim of age discrimination under the ADEA, which prohibits an employer from discriminating against its employees because of their age. *See Molisee v. Securitas Sec. Servs., USA, Inc.*, Civ. Action No. 11–1056, 2012 WL 13698, *5 (W.D. Pa. Jan. 4, 2012). As previously noted, a plaintiff may establish a triable claim of employment discrimination by presenting either direct evidence of discriminatory motive or circumstantial evidence. *See Maxfield v. Sinclair Int'l*, 766 F.2d at 791. Here, Plaintiff has not alleged direct evidence of age discrimination, so as with claims under Title VII, age discrimination claims brought pursuant to the ADEA are also subject to the *McDonnell Douglas* burden-shifting framework. *See Smith v.*

7

*City of Allentown*, 589 F.3d 684, 691 (3d Cir. 2009) (reaffirming the use of the *McDonnell Douglas* analysis in ADEA cases that involve indirect evidence).

The elements of a *prima facie* case under the ADEA are that the employee:  (1) is 40 years of age or older; (2) suffered an adverse employment action; (3) was qualified for the position at issue; and (4) was treated less favorably than a sufficiently younger person under circumstances that give rise to an inference of age discrimination.  *See Keller v. Orix Credit Alliance, Inc.,* 130 F.3d 1101, 1108 (3d Cir. 1997) (citing *Sempier v. Johnson & Higgins,* 45 F.3d 724, 728 (3d Cir.1995)); *McGinnis v. Donahoe*, No. 2:12-cv-01880-JFC, 2015 WL 507043, at *7 (W.D. Pa. Feb. 6, 2015).  As previously explained in the Court's analysis of Plaintiff's Title VII allegations,  the *McDonnell Douglas* framework  does  not  mandate  that  a  plaintiff  *prove* a *prima facie* case of  age  discrimination  in  order  to  survive  a motion to dismiss.  *See Swierkiewicz v. Sorema N.A.,* 534  U.S. 506, 510–11 (2002).   However, similar to his Title VII claim, Plaintiff must actually *allege* a claim of age discrimination, or he must allege enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements.  Upon review of the bare-bones allegations made in the Complaint, however, the Court finds that Plaintiff has failed to do so here.  Plaintiff does not allege that he is over 40 years old, nor does he include allegations that he was subject to an adverse employment action under circumstances that give rise to an inference of age discrimination.  Therefore, Plaintiff has simply failed to state a plausible claim of age discrimination under the ADEA.

Accordingly, Plaintiff's claim of age discrimination under the ADEA is dismissed without prejudice to amendment with sufficient facts to state a claim upon which relief can be granted.

**D.**      **Disability Discrimination under the Rehabilitation Act**

Because Plaintiff lists "Disabilities" in his Complaint in response to the question regarding the federal statutes at issue in this case (Docket No. 4 at 3), the Court presumes that Plaintiff is asserting a claim of discrimination based on disability in violation of the Rehabilitation Act,[2] which "takes the protections against discrimination afforded individuals with disabilities by the [ADA], and applies them to the federal government as well as entities that receive funding from the federal government." *Mastrella v. DeJoy*, Civ. Action No. 1:20-CV-1037, 2021 WL 5396076, at *4 (M.D. Pa. Nov. 18, 2021) (citing *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007)).  Defendants argue that Plaintiff's disability discrimination claim should be dismissed for two reasons:  (1) because he failed to exhaust his administrative remedies prior to filing such claim; and (2) because he failed to allege a plausible claim of disability discrimination in his Complaint.

"A federal employee seeking relief under the Rehabilitation Act must exhaust administrative remedies with the [EEOC] prior to filing suit." *Houser v. Potter*, Civ. Action No. 09-180, 2010 WL 2086161, at *2 (W.D. Pa. May 21, 2010).  Although the Complaint does not include any averments regarding administrative processes or remedies, Defendants represent in their briefing that Plaintiff did in fact file an EEO Complaint (Docket Nos. 16 at 7; 21 at 2 n.1), and Defendants attach to their reply brief a page entitled "EEO Complaint of Discrimination in the Postal Service," dated October 15, 2019, and purportedly filed by Plaintiff (Docket No. 21-1).[3]  Defendants assert that, although Plaintiff exhausted his administrative claims for race and

---

[2]      As Defendants point out in their brief, Plaintiff may not sue the USPS under the Americans with Disabilities Act ("ADA").  *See Venter v. Potter*, 435 F. App'x 92, 95 n.1 (3d Cir. 2011) (noting that "[i]n clear statutory language, Congress established that USPS is part of the federal government and that the entire federal government is excluded from the coverage of the ADA" (internal quotation marks and citation omitted)).

[3]      In order to exhaust the administrative remedies applicable to the Rehabilitation Act:

age discrimination, he did not check the box for disability discrimination in filing his EEO Complaint, nor did he include therein facts that could give rise to an inference that he was attempting to allege a claim of disability discrimination.[4]  (Docket No. 21-1).

In conducting its analysis, the Court may properly consider documents that were filed in Plaintiff's EEOC proceeding.  *See Smith v. Pallman*, 420 F. App'x 208, 213 (3d Cir. 2011); *Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 777, 782 (W.D. Pa. 2000), *aff'd*, 276 F.3d 579 (3d Cir. 2001).  Upon review of the attached page of Plaintiff's EEO Complaint, the Court notes that Plaintiff did, in fact, check the boxes for discrimination based on race and age, but he did not check the box indicating discrimination based on disability discrimination.  (Docket No. 21-1). *See Bartzanty v. Berizon Pa., Inc.*, 361 F. App'x 411, 414 (3d Cir. 2010) ("Although this standard does not necessarily preclude a plaintiff from asserting a claim for the mere failure to check a box on an EEOC Charge Form, it does prevent a plaintiff from greatly expand[ing] an investigation simply by alleging new and different facts when [s]he [is] contacted by the Commission following [her] charge.").  The extremely limited facts presented on the attached page of  Plaintiff's EEO Complaint do not indicate whether disability discrimination would be inferred therefrom.  Therefore, it is not clear to the Court whether Plaintiff exhausted his

---

… a claimant must first attempt to informally resolve the discrimination charge by consulting with an Equal Employment Opportunity ("EEO") counselor within forty-five (45) days of the alleged discriminatory conduct.  *Dalzell v. Astrue*, No. 05–755, 2008 WL 598307, at * 3 (W.D. Pa. Mar. 3, 2008) (Cercone, J.); 29 C.F.R. § 1614.105(a)(1).  If the matter cannot be resolved informally, a complaint must be filed with the agency within fifteen (15) days of receiving notice that the EEO counselor cannot resolve the matter.  29 C.F.R. § 1614.106.  The federal agency then investigates the discrimination claim and issues a final agency decision.  29 C.F.R. §§ 1614.108, 1614.109 . . . and 1614.110.  After the final agency decision, the employee may either appeal to the EEOC, 29 C.F.R. § 1614.401, or file a civil action in federal court within ninety (90) days of receiving the final decision.  29 C.F.R. § 1614.407.  As a prerequisite to filing suit in federal court, a plaintiff must receive a right-to-sue letter from the EEOC.  42 U.S.C. § 2000e–5(f) (l); *Burgh v. Borough Council of Borough of Montrose,* 251 F.3d 465, 470 (3d Cir. 2001) (in Title VII context).

*Houser v. Potter*, 2010 WL 2086161, at *2.

[4]    The failure to exhaust administrative remedies is an affirmative defense and, thus, Defendants bear the burden of pleading and proving that Plaintiff has not exhausted his administrative remedies.  *See Williams v. Runyon,* 130 F.3d 568, 573 (3d Cir.1997).

administrative remedies with regard to his claim under the Rehabilitation Act prior to filing his Complaint.

However, even if the Court assumes that Plaintiff has exhausted his administrative remedies with regard to his Rehabilitation Act claim, the Court must still determine whether Plaintiff has stated a plausible claim of disability discrimination.  To establish a *prima facie* case of discrimination under the Rehabilitation Act, an employee must show that: "1) he has a disability; 2) he is otherwise qualified to perform the essential functions of the position, with or without accommodation; and, 3) he was victim to an adverse employment action because of his disability."  *Houser v. Potter*, 2010 WL 2086161, at *4 (citing *Shiring v. Runyon,* 90 F.3d 827, 831 (3d Cir.1996)).  While at this early stage of the litigation Plaintiff is not required to provide great detail regarding his disability or the nature of his limitations, the Court of Appeals for the Third Circuit found in *Fowler v. UPMC Shadyside* that a complaint was sufficient when it set forth "how, when, and where [the defendant] allegedly discriminated against [the plaintiff]."  578 F.3d 203, 212 (3d Cir. 2009).

Here, however, Plaintiff does not allege in his Complaint what his disability is, that he was qualified for a job, or that he suffered discrimination because of his disability.  Plaintiff therefore has not stated a plausible claim of disability discrimination under the Rehabilitation Act.  Accordingly, Plaintiff's claim under the Rehabilitation Act is dismissed without prejudice to amendment with sufficient facts to state a claim upon which relief can be granted.

### E.   Retaliation

Because Plaintiff mentions the word "Retaliation" twice in his Complaint, the Court presumes that he is also making a claim of retaliation under one or more of the statutes discussed, *supra*.  (Docket No. 4 at 4).  Both Title VII and the ADEA "'make it unlawful for an

employer to retaliate against an employee for either opposing any practice made unlawful by their respective provisions or for participating in any manner in an investigation, proceeding, or hearing under their respective provisions.'" *Griffiths v. Nielsen*, Civ. Action No. 15-2586, 2018 WL 1469051, at *12 (D.N.J. Mar. 23, 2018) (quoting *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015)). Similarly, the Rehabilitation Act "prohibits employers from punishing individuals who have 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' related to disability discrimination." *Mastrella v. DeJoy*, 2021 WL 5396076, at *5 (citing 29 U.S.C. § 794(d); 42 U.S.C. § 12203(a)).

To establish a *prima facie* case of retaliation under Title VII, the Rehabilitation Act, or the ADEA, a plaintiff must show that: 1) he engaged in protected activity as an employee; 2) he was subject to an adverse employment action subsequent to or contemporaneous with such protected activity; and 3) a causal connection exists between such protected activity and the adverse employment action. *See Houser v. Potter*, 2010 WL 2086161, at *4 *(citing Ozlek v. Potter*, 259 Fed. App'x 417, 422 (3d Cir. 2007) (Rehabilitation Act); *Fasold v. Justice*, 409 F.3d 178, 188 (3d Cir. 2005) (ADEA)); *Moore v. City of Phila.*, 461 F.3d 331, 341-42 (3d Cir. 2006) (Title VII).

Here, Plaintiff does not aver facts that raise a reasonable expectation that discovery will reveal evidence that he engaged in protected activity or that he experienced an adverse action as a result of engaging in protected activity. While Plaintiff alleges that Gary Graf "sen[t] [him] home after [he] write up Vehicle (#02350739) (19628 miles) @9:30AM for steering the same day Around 10:30AM," the Court cannot infer, without additional factual allegations, that Plaintiff's alleged conduct constitutes protected activity. Additionally, Plaintiff does not allege that he engaged in any proceedings under Title VII, the ADEA, or the Rehabilitation Act, nor

does he claim that he opposed any discrimination that is made unlawful by such statutes, nor do the allegations in the Complaint suggest that Plaintiff suffered an adverse action because of any such protected activity.  Therefore, the Court finds that Plaintiff has failed to state a plausible claim of retaliation under Title VII, the ADEA, or the Rehabilitation Act.

Accordingly, Plaintiff's claim of retaliation is dismissed without prejudice to amendment with facts to state a claim upon which relief can be granted.

### IV. <u>Conclusion</u>

For the reasons stated, Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted.  Accordingly, Plaintiff's claims against the individual Defendants, brought pursuant to Title VII, the ADEA, and the Rehabilitation Act, are dismissed with prejudice.  Additionally, Plaintiff's remaining claims of discrimination and retaliation against United States Postmaster General Louis DeJoy, brought pursuant to Title VII, the ADEA, and the Rehabilitation Act, are dismissed without prejudice to amendment with sufficient facts to state a claim upon which relief can be granted.  If Plaintiff declines to amend his Complaint in accordance with the Court's Order filed herewith, his Complaint in its entirety will be dismissed with prejudice.

An appropriate Order follows.

Dated: November 15, 2022

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: Kevin Smith (via U.S. Mail)
    All counsel of record