IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN SMITH,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  v.  )<br>  )<br>LOUIS DEJOY, Postmaster General,  )<br>United States; GARY GRAF;  )<br>ADAM BECK; JASMIN HUGHES; MIKE  )<br>BROWN; and MARK ARTHRELL;  )<br>  )<br>  Defendants.  ) | Civil Action No. 21-706 |

**<u>MEMORANDUM ORDER</u>**

Presently before the Court is the Motion to Dismiss and brief (Docket Nos. 40, 41) wherein Defendants seek dismissal with prejudice of the claims in *pro se* Plaintiff's Second Amended Complaint (Docket No. 39). Plaintiff's response was due by May 22, 2024, but no response was filed. For the reasons set forth herein, Defendants' motion will be GRANTED.

An original Complaint in this matter was filed by Kevin Smith ("Plaintiff") *pro se*, wherein Plaintiff alleged he was discriminated against in the course of his employ as a letter carrier with the postal service by Defendants Louis DeJoy, Postmaster General of the United States ("DeJoy"), and five employees of the United States Postal Service (the "individual Defendants"). (Docket No. 4). Defendants moved to dismiss the original Complaint and, on November 15, 2022, the Court granted the motion and dismissed, with prejudice, all claims against the individual Defendants. (Docket Nos. 22, 23). Plaintiff's remaining claims of discrimination and retaliation under Title VII, the ADEA, and the Rehabilitation Act against DeJoy were dismissed without prejudice at that time, and Plaintiff was afforded an opportunity to amend. (*Id.*).

Plaintiff thereafter filed what the Court construed as a First Amended Complaint. (Docket No. 26). Defendants moved to dismiss the claims therein. (Docket Nos. 29, 30, 36). Addressing

that motion and Plaintiff's response (Docket No. 33), the Court explained that the First Amended Complaint was deficient insofar as it lacked many of the averments that had appeared in the original Complaint. (Docket No. 38 at 2). The Court surmised that "Plaintiff may have been attempting to supplement his original Complaint with certain additional allegations set forth in [the] new document, although, as Plaintiff does not indicate that that was his intention, the Court is reluctant to make such assumption." (*Id.* at 3). Moreover, because the original Complaint had been dismissed in its entirety, Plaintiff could not merely supplement it; rather, Plaintiff needed "to file a new, complete Amended Complaint." (*Id.*).

To give the Plaintiff the "benefit of the doubt," the Court denied Defendants' motion to dismiss without prejudice, and the Court ordered Plaintiff to file a Second Amended Complaint "**setting forth all of his claims against the appropriate Defendant(s)**" without making reference to "**any previously filed Complaint or other document**" and without presuming "**that the Court will refer to any previously filed Complaint or other document in determining whether he has stated a plausible claim since, once that Second Amended Complaint is filed, it will become the operative Complaint in this case, and it will supersede all prior Complaints**." (*Id.* (emphasis in original)). The Court also explained that Plaintiff's Second Amended Complaint "**should specify what actions are alleged as to each named Defendant and must be 'simple, concise, and direct' as required by the Federal Rules of Civil Procedure.**" (*Id.* (citing Fed. R. Civ. P. 8(d)(1)) (emphasis in original)).

Plaintiff thereafter timely filed the Second Amended Complaint against all Defendants wherein he alleges that he was hired as a letter carrier for the United States Postal Service on January 12, 2019, and applied for an in-house, hold-down route promotion in April/May 2019, but he did not get the position. (Docket No. 39 at 4-5). Plaintiff avers that on April 17, 2019, he

verbally complained to Gary Graf about not being promoted, indicating that he believed he was not promoted because he is Black and that he was discriminated against on account of "his age" and "skin color." (*Id.*). Plaintiff further avers that, after he complained, the individual Defendants "started to give him [a] pile of work that he didn't give him before" and he was "required to work late hours when he was not required to do so before." (*Id.*). Plaintiff complained to his union representative "on April, May, June, July, August, September 2019" about "what he believed was retaliatory treatment by Jasmin Hughes Adam Beck Mike Brown and Mark Arthrell" and other workers. (*Id.*). There is no indication in the Second Amended Complaint of what, if any, action was taken by the union representative. Plaintiff alleges that "On February and 2019 [sic] Adam Beck, Jasmin Hughes, Mike Brown and Mark Arthrell administered a write up to Plaintiff for poor job performance and terminated him." (*Id.*). Defendants have moved to dismiss the claims in Plaintiff's Second Amended Complaint with prejudice. (Docket Nos. 40, 41).

In its evaluation of the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, the Court accepts all factual allegations in the Second Amended Complaint as true, liberally construes the pleadings for Plaintiff who is *pro se*, construes all facts in the light most favorable to Plaintiff, and determines whether Plaintiff has shown plausible entitlement to relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (explaining the two-part analysis applicable to motions to dismiss for failure to state a claim); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (explaining the liberality afforded *pro se* pleadings). *See* Docket No. 22 at 3-4 (thoroughly articulating the standard of review applicable to Rule 12(b)(6) motions). When a *pro se* plaintiff has been afforded multiple opportunities to cure defects of pleading and additional opportunity to amend appears to be futile, dismissal with prejudice and without leave to amend may be appropriate. *Singleton v. Harbor Freight Manager*, No. 23-2889, 2024 WL 1406420, at

\*1 (3d Cir. Apr. 2, 2024) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106, 108 (3d Cir. 2002)).

In Plaintiff's Second Amended Complaint he appears to be attempting to re-allege retaliation and violations of Title VII and the ADEA.[1] The Court has already dismissed such claims against the individual Defendants with prejudice, (Docket No. 22 at 5); therefore, the Court's analyses herein apply only to those claims that were previously dismissed without prejudice. With respect to Plaintiff's allegations of race discrimination in violation of Title VII, Plaintiff's current attempt to state a claim is deficient because Plaintiff asserts only his belief that he was denied a promotion because of his race, which is neither direct evidence of discriminatory motive nor evidence that raises an inference of discrimination. *Holmes v. Gates*, 403 F. App'x 670, 673 (3d Cir. 2010) ("Holmes's complaint consists of generalized grievances, lacking the requisite specificity to 'allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). Despite having had multiple opportunities to amend, Plaintiff continues to allege only "conclusory allegations, which lack sufficient factual support to state a plausible claim," *id.*, of race discrimination; accordingly, the Court will dismiss such claim with prejudice.

With respect to Plaintiff's attempt to state a claim for age discrimination in violation of the ADEA, Plaintiff's allegations are likewise conclusory insofar as he alleges he was "discriminated against … base[d] on his age" (Docket No. 38 at 4) without any other fact tending to show that his age was a determinative factor in the failure to promote or in his termination. Even if Plaintiff had alleged his age, his "allegations lack any specific facts from which a reasonable fact-finder could

---

[1] Plaintiff does not appear to allege any disability or discrimination on account of disability in violation of the Rehabilitation Act. Therefore, Plaintiff's Rehabilitation Act claim having been previously dismissed *without prejudice* with respect to DeJoy (Docket No. 22), the Court will now dismiss such claim *with prejudice* to the extent the Court has not already done so by effect of its prior Orders.

4

infer that [Defendants'] discipline or termination of Plaintiff was the result of unlawful discrimination based on … age[.]" *Washington v. Coatesville Area Sch. Dist.*, No. CV 19-3405, 2020 WL 13328318, at *3 (E.D. Pa. Aug. 4, 2020). Plaintiff has had multiple opportunities to bolster his allegations with respect to his age discrimination claim, but has not developed facts in support of the claim. For that reason, the Court will dismiss Plaintiff's ADEA claim with prejudice.

Finally, regarding the retaliation claim, there are no facts in the Second Amended Complaint that raise a reasonable expectation that discovery will reveal evidence that Plaintiff experienced an adverse action as a result of protected activity under Title VII or the ADEA (or any other anti-discrimination statute).

> To establish a *prima facie* case of retaliation under Title VII, the Rehabilitation Act, or the ADEA, a plaintiff must show that: 1) he engaged in protected activity as an employee; 2) he was subject to an adverse employment action subsequent to or contemporaneous with such protected activity; and 3) a causal connection exists between such protected activity and the adverse employment action.

(Docket No. 22 at 12 (quoting *Houser v. Potter*, No. CIV.A. 09-180, 2010 WL 2086161, at *4 (W.D. Pa. May 21, 2010))). In the Second Amended Complaint, Plaintiff alleges that he complained that he was discriminated against when he was not awarded a promotion by Gary Graf, the individual Defendants gave him a pile of work and required him to work late hours, he complained to his union representative about retaliation, and he was later written up and terminated for poor job performance. (Docket No. 39 at 4). Assuming the facts alleged show protected activity under an anti-discrimination statute,[2] there are no facts that the Court could rely on to find the third element of a *prima facie* retaliation case—a causal connection between protected activity

---

[2] Defense concedes that at least one protected activity is alleged in the Second Amended Complaint. (Docket No. 41 at 17).

and adverse employment action—is satisfied. *Flaig v. Aladdin Food Mgmt. Servs.*, LLC, No. 2:12-CV-00839, 2012 WL 5288716, at *5 (W.D. Pa. Oct. 23, 2012) ("A plaintiff can satisfy the requisite causal link in at least two ways: by demonstrating (1) that the temporal proximity between the protected activity and the adverse action that is so close as to be unduly suggestive of causation; or, in the absence of temporal proximity, (2) timing plus other evidence, for example, that the employer engaged in a pattern of antagonism in the intervening period." (internal quotation marks and citations omitted)). The allegations in the Second Amended Complaint are too vague to show temporal proximity between a protected activity and adverse action, and there are no allegations from which the Court could infer a pattern of antagonism. *Thomas v. Bronco Oilfield Servs.*, 503 F. Supp. 3d 276, 313 (W.D. Pa. 2020) (explaining that a pattern of antagonism is shown by a "constant barrage" of warnings, disciplinary actions, etc., after protected activity (citing *Robinson v. Se. Pa. Transp. Auth.*, 982 F.2d 892, 895 (3d Cir. 1993)). Accordingly, and because Plaintiff has had multiple opportunities to amend any retaliation claim, the Court will dismiss the claim with prejudice.[3]

For all these reasons, the Court will dismiss the claims in Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6). As the Court has repeated several times, Plaintiff has had multiple opportunities to cure the deficiencies previously identified by this Court in the course of this litigation. Despite those opportunities, he has continued to submit only conclusory allegations to the Court that do not show plausible entitlement to relief; accordingly, the Court finds that further opportunity to amend would be futile, *Vorchheimer v. Philadelphian Owners Ass'n*, 903

---

[3] The Court also acknowledges that it appears the Court should dismiss Plaintiff's retaliation claim because it is unexhausted. *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997) ("It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief.").

F.3d 100, 113 (3d Cir. 2018), and the Court will dismiss *with prejudice* all remaining claims that have not already been dismissed with prejudice (*see* Docket No. 22).

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 17th day of January 2025,

IT IS HEREBY ORDERED that the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants (Docket No. 40) is granted, and Plaintiff's claims are dismissed with prejudice.

The Clerk of Court shall mark this case closed.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

Cc/ecf:   All counsel of record

KEVIN SMITH (via U.S. Mail)
1009 Allegheny Avenue
Pittsburgh, PA 15233